UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIO J. CHARLES,

        Plaintiff,

    v.                                **ORDER**
                                     19-CV-3579 (WFK) (ST)
TRANSUNION, LLC,

        Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
DARIO J. CHARLES,

        Plaintiff,

    v.                                **ORDER**
                                     19-CV-3604 (WFK) (ST)
EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
DARIO J. CHARLES,

        Plaintiff,
                                     **ORDER**
    v.                                19-CV-3913 (WFK) (ST)

EQUIFAX INFORMATION SERVICES, LLC,

        Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

In these three related Fair Credit Reporting Act ("FCRA") actions, Dario J. Charles ("Plaintiff") sues three credit reporting agencies, alleging they failed to properly investigate a past debt he claims was not his. The actions were consolidated for discovery. The agencies now move, unopposed, for summary judgment.[1]  Because Plaintiff lacks standing, the Court declines to reach the merits of the motions and instead remands the actions *sua sponte* for lack of subject matter jurisdiction.

---

[1] The motions are ECF No. 46 in 19-CV-3579 ("TransUnion Mot."), ECF No. 41 in 19-CV-3604 ("Experian Mot."), and ECF No. 38 in 19-CV-3913 ("Equifax Mot.").

## BACKGROUND

These actions concern a past due Verizon tradeline that Plaintiff allegedly failed to pay for nearly 30 months. *See* Experian Mot. at 3. Plaintiff claims he closed the tradeline in 2018. TransUnion Mot. at 6. Verizon nonetheless began reporting the tradeline to the agencies in early 2019. *See* Experian Mot. at 3; *see also* TransUnion Mot. at 6; Equifax Rule 56.1 Stmt. ¶ 31, ECF No. 38-3 (Dkt. No. 19-CV-3913). At the time, Plaintiff owed $667.00. TransUnion Mot. at 6.

Between April and May 2019, Plaintiff contacted the agencies to dispute the tradeline reports. *Id.* at 7; Experian Mot. at 4; Equifax Rule 56.1 Stmt. ¶ 33. After investigating his claims, the agencies each verified the accuracy of its reporting of the tradeline and mailed their conclusions to Plaintiff. TransUnion Mot. at 7; Experian Mot. at 4; Equifax Rule 56.1 Stmt. ¶¶ 42, 47, 51-52.

On May 29, 2019, Plaintiff, proceeding *pro se*, filed three separate but nearly identical complaints against TransUnion, Experian, and Equifax in the District Court of the County of Nassau, New York, First District, Civil Part, alleging the agencies violated Sections 1681e(b) and 1681i of the FCRA by failing to investigate and remove a past due Verizon tradeline he claims was not his. As a result, Plaintiff claims he suffered "actual damages including . . . damage to his reputation, embarrassment, humiliation and other mental and emotional distress."

Between June and July of 2019, the agencies removed the actions to federal court and the cases were consolidated for purposes of discovery. Discovery concluded on December 31, 2020. In October 2021, the agencies moved for summary judgment. Plaintiff did not oppose the motions.

**DISCUSSION**

The Court lacks subject matter jurisdiction over the three actions because Plaintiff has failed to demonstrate standing. It therefore remands them to state court and does not reach the merits of the agencies' motions. Moreover, because amendment cannot cure the jurisdictional issues with Plaintiff's claims, the Court denies Plaintiff leave to amend.

**I.      Standing**

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Servs.*, 577 F.3d 479, 489 (2d Cir. 2009). To demonstrate standing, a plaintiff must show "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). Where, as here, a case is at the summary judgment stage, there must be "proof of injury-in-fact beyond the sufficiency of Plaintiff's allegations of an injury." *Ergas v. Eastpoint Recov. Grp., Inc.*, No. 20-CV-333S, 2022 U.S. Dist. LEXIS 84493, at *27 (W.D.N.Y. May 10, 2022). A plaintiff who fails to demonstrate injury-in-fact lacks standing, and federal courts lack jurisdiction to consider their claims. *TransUnion*, 141 S. Ct. at 2203. If the court lacks subject matter jurisdiction, it may dismiss the action *sua sponte*. *See Plante v. Dake*, 621 Fed. Appx. 67, 69 (2d Cir. 2015) (summary order); *see also In re Indu Craft, Inc.*, 630 Fed. Appx. 27, 29 (2d Cir. 2015) ("It is proper . . . for a district court to dismiss an action for lack of subject matter jurisdiction [*sua sponte*] where 'it is unmistakably clear that the court lacks jurisdiction'") (summary order).

Although Congress may identify and elevate intangible harms by statute, bare procedural violations of a statute do not satisfy the injury-in-fact requirement of Article III. *See TransUnion*, 141 S. Ct. at 2200; *see also Spokeo, Inc v. Robins*, 578 U.S. 330 (2016) ("[A] plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). In *TransUnion*, the Supreme Court explained that a procedural violation of the FCRA, without more, is not an injury in fact because it fails to establish concrete harm beyond the statutory violation itself. *TransUnion*, 141 S. Ct. at 2205. Instead, "whether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion LLC*, 141 S. Ct. at 2204). Simply put, "an injury in law is not an injury in fact." *TransUnion LLC*, 141 S. Ct. at 2205.

Following *TransUnion*, the Second Circuit has reiterated that "plaintiffs must show the statutory violation caused them a concrete harm, regardless of whether the statutory rights violated were substantive or procedural." *Maddox*, 19 F.4th at 64 n.2. Courts in this district have accordingly dismissed FCRA actions for lack of standing where the complaint fails to allege concrete reputational or monetary harm. *See, e.g.*, *Gross v. Transunion, LLC*, No. 21-cv-1329 (BMC), 2022 U.S. Dist. LEXIS 105117, at *7 (E.D.N.Y. June 13, 2022) (Cogan, J.) (finding TransUnion's alleged credit error did not cause plaintiff "concrete and particularized harm" because the alleged harms were "not expenses, costs, any specific lost credit opportunity, or specific emotional injuries"); *Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022 U.S. Dist. LEXIS 21146, at *5 (E.D.N.Y. Feb. 3, 2022) (Brown, J.) (finding

conclusory allegations of "mental and emotional pain, anguish, humiliation, and embarrassment of credit denial" fail to demonstrate standing in the FCRA context).

The present actions must also be dismissed. Here, Plaintiff claims he suffered damage to his reputation, embarrassment, humiliation and other mental and emotional distress. But these allegations are conclusory and fail to demonstrate concrete or particularized harm. *See Gross v. Transunion, LLC*, 2022 U.S. Dist. LEXIS 105117, at *7 (finding conclusory allegations of harm to "credit worthiness" as well as "embarrassment, humiliation, and other emotional injuries" do not confer standing); *see also Maddox*, 19 F.4th at 66 ("A perfunctory allegation of emotional distress . . . is insufficient to allege constitutional standing.").

Nor does the record support any finding of concrete or particularized harm. Although Plaintiff states he suffered harm to his reputation, the agencies never issued a consumer report to a third party reporting Plaintiff's Verizon account. *See* Experian Mot. at 14; Equifax Mot. at 10-11; TransUnion Mot. at 19; *see also Zlotnick*, 2022 U.S. Dist. LEXIS 21146, at *5 (dismissing an FCRA case for lack of standing where plaintiff failed to allege "any particularized injury or actual dissemination to third-party creditors."); *see also Spira v. Trans Union, LLC*, No. 21-CV-2367 (KMK), 2022 U.S. Dist. LEXIS 128085, at * (S.D.N.Y. July 19, 2022) (Karas, J.) (same). Plaintiff also admitted he never applied for and was never denied credit when the tradeline was reporting in 2019, and he had not pursued any employment opportunities during the time in which his credit rating may have been adversely affected by the report. TransUnion Mot. at 19; Equifax Rule 56.1 Stmt. ¶¶ 53-55. There is no evidence Plaintiff suffered any particularized or concrete harm because of the alleged credit error.[2] *See Cohen v. Experian Information*

---

[2] Indeed, all agencies argue Plaintiff has failed to demonstrate any cognizable injury. *See* Equifax Mot. at 10-12; TransUnion Mot. at 19-21; Experian Mot. at 14-15. Plaintiff does not oppose these claims.

*Solutions, Inc.*, No. 20-CV-3678 (BMC), 2021 U.S. Dist. LEXIS 22014 (E.D.N.Y. Feb. 4, 2021) (Cogan, J.) (dismissing FCRA claims where no concrete harm was alleged).

In sum, Plaintiff has clearly failed to demonstrate an injury that bears a close relationship to the harm traditionally recognized as providing a basis for standing. *See Maddox*, 19 F.4th at 63. His conclusory allegations are of the same cloth as those uniformly rejected by courts in this district. Because such "[t]hreadbare" allegations fail to establish concrete injury, *Zlotnick*, 2022 U.S. Dist. LEXIS 21146, at *5, the Court remands the three actions to state court for lack of jurisdiction without reaching the merits of the agencies' motions. *See Gross*, 2022 U.S. Dist. LEXIS 105117, at *5 (remand to state court is proper when plaintiff fails to demonstrate Article III standing); *see also Steinmetz v. Allied Interstate, LLC*, No. 21-CV-5059 (AMD) (RER), 2022 U.S. Dist. LEXIS 124042, at *10-11 (E.D.N.Y. July 13, 2022) (Donnelly, J.) (dismissing case without reaching the merits of defendants' dispositive motion because plaintiff has failed to establish Article III standing).

## II. Leave to Amend

Because Plaintiff is proceeding *pro se*, the Court will consider whether Plaintiff may amend his Complaint. "[D]istrict [C]ourts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend, unless it would be futile." *See Kallas v. Fiala*, 591 Fed. Appx. 30, 31 (2d Cir. 2015) (summary order).

The Court denies Plaintiff leave to amend because amendment cannot cure the jurisdictional deficiencies described above. The undisputed facts of these actions establish (1) the agencies never issued consumer reports to any third parties reporting Plaintiff's Verizon account which could give rise to concrete harm; (2) Plaintiff never applied for or was denied credit when the tradeline was reporting in 2019; and (3) Plaintiff never pursued any employment

opportunities which could have been adversely affected by any changes in his credit rating. Equifax Rule 56.1 Stmt. ¶¶ 53-56; Experian Rule 56.1 Stmt. ¶¶ 46-50, ECF No. 43 (Dkt. No. 19-CV-3604); TransUnion Rule 56.1 Stmt. ¶¶ 60-75, ECF No. 38-3 (Dkt. No. 19-CV3579). Amending the Complaint cannot alter these facts. Moreover, despite having nearly two years to substantiate his claim for emotional distress, Plaintiff has failed to put forward any evidence to show he suffered concrete harm. Given this record, the Court finds any amendment would be futile.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over the actions, it remands them to the Nassau County District Court of New York, First District, Civil Part. The Clerk of Court is respectfully directed to close these cases and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2022
      Brooklyn, New York